UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| DYNAMIC INTL OF WISCONSIN, INC., <br><br> Plaintiff, <br><br> v. <br><br> SMEC CO., LTD., *et al.* <br><br> Defendants. | Case No.: 2:18-cv-00582 |

**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION TO ENJOIN ARBITRATION AND COLLATERAL LITIGATION**

Plaintiff, Dynamic Intl of Wisconsin, Inc. ("Dynamic") hereby moves the Court, pursuant to Fed. R. Civ. P. 65, for a Temporary Restraining Order and Preliminary Injunction to Enjoin Defendant, SMEC CO., LTD. ("SMEC"), from arbitrating its claims before the Korean Commercial Arbitration Board ("KCAB") <u>and</u> from challenging this Court's primary jurisdiction to review the KCAB's jurisdictional findings.

In support of this motion, Dynamic submits the following: (1) Its Memorandum in Opposition to Defendants' Motion to Compel Arbitration and Stay Proceedings and in Support of Dynamic's Motion to Enjoin Arbitration and Collateral Litigation; (2) the Declaration of Byung Whang; and (3) the Declaration of James B. Barton. The grounds for this motion, as more fully explained in the accompanying memorandum and supporting declarations, are set forth below:

1.  This motion seeks to diffuse a growing international feud between Dynamic and SMEC that is already pending in this Court and before the KCAB, where SMEC seeks to compel arbitration.

2. The issues touch upon the intersection between Wisconsin law, Korean law, the Federal Arbitration Act ("FAA"), and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention" or the "Convention"), as adopted by the FAA. *See* 9 U.S.C. §§ 201-208. Although these issues are often complex, the relief that Dynamic seeks is simple.

3. This Court is vested with "primary jurisdiction" under the Convention to review any award that the KCAB renders. *See CBF Industria de Gusa S/A v. AMCI Holdings, Inc.* ("*CBF*"), 850 F.3d 58, 71 (2d Cir. 2017) ("Under the New York Convention, the country in which the award is made is said to have primary jurisdiction over the arbitration award.") (quoted source omitted) (collecting cases).

4. The Court's review thus extends to the KCAB's jurisdictional ruling—a prerequisite to the validity of any award. *See Avis Rent A Car Sys., Inc. v. Garage Employees Union, Local 272*, 791 F.2d 22, 25 (2d Cir. 1986) (stating that "an award will not be enforced if the arbitrator is not chosen in accordance with the method agreed to by the parties") (citing *Tamari v. Conrad*, 552 F.2d 778, 781 (7th Cir. 1977); *accord R.J. O'Brien & Assocs., Inc. v. Pipkin*, 64 F.3d 257, 263 (7th Cir. 1995) (stating that "to enforce an arbitration award, the arbitrator must be chosen in conformance with the procedure specified in the parties' agreement to arbitrate") (collecting cases).

5. The Seventh Circuit has deemed it a party's "substantive right" to have a "federal court determine the scope of the arbitrators' jurisdiction." *Edward D. Jones & Co. v. Sorrells*, 957 F.2d 509, 514 n.7 (7th Cir. 1992)  The tribunal's jurisdictional determination is therefore entitled to no deference. *See id.* at 514.

2

6. Because an arbitrator's jurisdiction is derived from the contract, (*see* ¶ 4, *supra*, and cases cited therein), and its jurisdictional determination is not binding on a reviewing court, *see Sorrells*, *supra*, courts have also recognized the need to enjoin parties from proceeding with an arbitration when the award would ultimately be vacated because the arbitrator lacked jurisdiction to render it. *See Societe Generale de Surveillance, S.A. v. Raytheon*, 643 F.2d 863, 868 (1st Cir. 1981) ("To allow a federal court to enjoin an arbitration proceeding which is <u>not</u> called for by the contract interferes with neither the letter nor the spirit of the [FAA]") (emphasis in original); *Satcom Int'l Group PLC v. Orbocomm Intern. Partners, L.P.* ("*Satcom*"), 49 F. Supp. 2d 331, 342 (S.D.N.Y. 1999) ("*Societe Generale* applies with equal force to Section 206"); *Lenox Corp. v. Blackshear*, 226 F. Supp. 3d 421, 428 (E.D. Pa. 2016) ("If a court determines that a valid arbitration agreement does not exist[,] . . . it is obliged to enjoin arbitration.") (citing *PaineWebber, Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir. 1990)).

7. Although the standards applicable to an antisuit (or anti-arbitration) injunction are different, *1st Source Bank v. Neto*, 861 F.3d 607, 613 (7th Cir. 2017), "[n]umerous cases hold that a party forced into an unauthorized arbitration proceeding is irreparably harmed by being forced to expend time and resources arbitrating an issue that is not arbitrable, and for which any award would not be enforceable." *Edward E. Gillen Co. v. Ins. Co. of the State of Pa.*, 747 F. Supp. 2d 1058, 1062 (E.D. Wis. 2010) (collecting cases); *McLaughlin Gormley King Co. v. Terminix Int'l Co.*, 105 F.3d 1192, 1194 (8th Cir. 1997) ("If a court concluded that a dispute is non-arbitrable, prior cases uniformly hold that the party urging arbitration may be enjoined from pursuing what would be a futile arbitration, even if the threatened irreparable injury to the other party is only the cost of defending the arbitration and having the court set aside any unfavorable award.")

3

8.      Applied here, SMEC seeks to compel Dynamic to arbitrate its claims before the KCAB. It is undisputed, however, that the KCAB is not identified in the parties' distributor agreement (the "Agreement"):

> **ARTICLE 18. ARBITRATION**
>
> 18.1 All disputes, controversies or differences which may arise between the parties out of, relating to or in connection with this contract **shall be submitted to Korea International Economic and Trade Arbitration Committee, and finally settled by arbitration in Chicago, USA**.
>
> 18.2 The award rendered by the arbitrator(s) shall be final and binding upon both parties concerned, and may take the form of an order to pay a sum of money and/or to perform or refrain from an act.

(Declaration of Byung Whang ("Whang Decl."), Art. 18 (emphasis added).)

9.      The forum referenced in the Agreement—the "Korea International Economic and Trade Arbitration Committee"—does not exist. There are arbitral institutions in the world with similar names—*e.g.,* the "Korean International Trade Arbitration Committee" (<u>North</u> Korea's arbitral forum) and the "China International Economic and Trade Commission"—but they are not exactly the same. (*See* Declaration of James Barton ("Barton Decl."), ¶¶ 3-5, Exs. A-B.)

10.     Thus, when a dispute arose between the parties, and Dynamic elected to litigate, SMEC's designation of an illusory forum rendered Dynamic without a place to seek redress.

11.     Attempting to salvage the Agreement, Dynamic filed arbitration proceedings in Chicago before the International Centre for Dispute Resolution ("ICDR") on February 6, 2018. (Whang Decl., ¶ 13 Ex. C.) SMEC refused to arbitrate before the ICDR, however, claiming that the ICDR was not the arbitral forum specified in the Agreement. (*Id.*, ¶ 14, Ex. D.) Instead, SMEC claimed that as the Agreement's drafter, (*id.*, ¶ 4), this reference to the "Korea International Economic and Trade Arbitration Committee" actually meant the "Korean Commercial Arbitration Board." (*Id.*, ¶ 14, Ex. D.)

12. But the names are nothing alike and the KCAB has been known as the KCAB since 1980. (Barton Decl., ¶6, Ex. C.) Dynamic thus elected to file suit here because federal courts have uniformly held that when an arbitration agreement "designate[s] an arbitration forum that does not exist, <u>the forum selection provision of the arbitration agreement is 'null and void' under Article II(3)</u>" of the Convention. *Control Screening LLC*, 687 F.3d at 170 (emphasis added) (citing *Rosgoscirc on Behalf of SOY/CPI P'ship v. Circus Show Corp.*, No. 92 CIV. 8498 (JSM), 1993 WL 277333, at *4 (S.D.N.Y. July 16, 1993)) (same); *Nat'l Material Trading v. M/V Kaptan Cebi*, No. C.A. 2:95-3673-23, 1997 WL 915000, *6 (D.S.C. March 13, 1997) (same).

13. Various circuits interpreting the domestic companion to the FAA (including the Seventh Circuit) have likewise held that an arbitration clause's designation of an illusory forum, with no rules to govern the dispute, renders the clause void and unenforceable. *See, e.g.*, *MacDonald v. CashCall, Inc.*, 883 F.3d 220, 230-32 (3d Cir. 2018); *Jackson v. Payday Financial, LLC*, 764 F.3d 765, 776 (7th Cir. 2014); *Inetianbor v. CashCall, Inc.*, 768 F.3d 1346, 1353-54 (11th Cir. 2014).

14. Days before Dynamic filed this suit, however, SMEC initiated arbitration before the KCAB, (Whang Decl., ¶ 17, Exs. E-F), who incorrectly relied on its own rules (also not specified in the Agreement) to justify its own jurisdiction. (*See generally* Dkt. # 20-1 (KCAB Jurisdictional Ruling).) Now, Dynamic is being compelled to arbitrate before the KCAB and pay arbitrators residing in Seoul, Hong Kong, and London to adjudicate a dispute seated ninety miles south in Chicago. (*See id*.) The costs of proceeding before the KCAB—based on the calculator available on its website—are estimated to be $250,000. (*See* Whang Decl., ¶ 22.)

15. Further, the KCAB's unilateral imposition of its rules on Dynamic, admittedly not referenced in the Agreement (*see* Dkt. # 20-1, ¶ 53), have materially altered the parties' bargain; Dynamic is now exposed, amongst other issues, to prevailing party attorneys' fees despite the fact that there is no prevailing-party provision in the Agreement and Korea does not follow the English rule on attorney fee awards. (*See* Whang Decl., ¶ 4, Ex. A (*Compare* Whang Decl., ¶ 4, Ex. A (the Agreement) *with* Dkt. # 20-1, ¶¶ 75-77 (decision citing KCAB rules to award fees); *see also* Barton Decl., ¶¶ 7-9, Exs. D-E (discussing fee shifting in Korean courts).)[1]

16. Accordingly, because the KCAB erroneously ruled it had jurisdiction, Dynamic should not be forced to litigate through an award, only to have it vacated by a U.S. court at a later date. *See, e.g., Satcom*, 49 F. Supp. 2d at 342 (injunction appropriate where the award would "ultimately be vacated by this Court"). Dynamic therefore seeks to enjoin SMEC from proceeding before the KCAB.

17. In reviewing the standards for antisuit injunctions, however, it also became apparent that these issues can quickly escalate, with parties resorting to their own court systems to challenge the other forum's ability to adjudicate certain matters. *See generally Laker Airways Ltd. v. Sabena*, 731 F.2d 909, 931-32 & n.69 (D.C. Cir. 1984) (enjoining foreign litigants from challenging abroad the federal court's ability to adjudicate antitrust claims).

18. Dynamic wants to <u>deescalate</u> the situation, however, and avoid fighting on a third front should SMEC seek recourse in the Korean court system to challenge this Court's ability to review the KCAB's erroneous jurisdictional ruling. Accordingly, Dynamic respectfully submits that it is also appropriate to issue a temporary restraining order and, after that, a preliminary injunction

---

[1] These materials are properly considered by the Court pursuant to Fed. R. Civ. P. 44.1.

until it reviews the parties' submissions and makes a ruling.

19. On September 26, 2018 at 9:30 a.m. the undersigned called SMEC's U.S. litigation counsel, Mr. John Scheller, and explained that Dynamic would be moving for this relief. Counsel for the parties have agreed to sort through this matter as amicably as possible (Mr. Barton used to be Mr. Scheller's associate), and may be able to reach a stipulation on how to proceed. Currently, however, Mr. Scheller is not able to speak with his client given the time zone difference. Thus, Dynamic submits that a brief, temporary order to restrain any further litigation is appropriate to prevent a knee-jerk filing in Korea that will further exacerbate this situation. This is especially true in this case because this Court retains "primary jurisdiction" to adjudicate the propriety of the KCAB's jurisdictional ruling.

Dated this 26th day of September, 2018.

**BARTON LEGAL LLC**

/s/ James B. Barton
James B. Barton (SBN: 1068900)
Email: *jbarton@bartonlegalgrp.com*
250 East Wisconsin Ave., Suite 1800
Milwaukee, Wisconsin 53202
Phone: 414.877.0690
Fax: 414.877.3037

*Attorneys for Plaintiff, Dynamic Intl of Wisconsin, Inc.*