UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DYNAMIC INT'L OF WISCONSIN, INC.,

        Plaintiff,

   v.

Case No. 18-cv-582-pp

SMEC CO., LTD., *et al.*,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S CIVIL L.R. 7(H) EXPEDITED, NON-DISPOSITIVE MOTION TO STAY ARBITRATION PROCEEDINGS PENDING THE COURT'S DISPOSITION OF THE PARTIES' COMPETING MOTIONS (DKT. NO. 24)**

---

    The parties have stipulated to a briefing schedule for defendant SMEC's motion to compel arbitration (dkt. no. 14) and the plaintiff's motion for a temporary restraining order and preliminary injunction (dkt. no. 21). Under that agreement, briefing will be completed on November 9, 2018. Dkt. No. 23.

    The parties filed this stipulation on October 5, 2018. Only four days later, the plaintiff filed this expedited motion, asking the court to stay arbitration (even though that is exactly what it requested in its motion for a TRO and preliminary injunction). Dkt. No. 24. The impetus for this odd motion appears to be the fact that, at the defendants' request, the Korean Commercial Arbitration Board ("KCAB") has ruled that it has jurisdiction, and has required the parties to prepare a scheduling order of sorts, called a procedural order. Dkt. No. 24 at ¶1. The plaintiff asked defendant SMEC to stipulate to stay the KCAB proceedings until this court could rule on the pending motions, but

1

SMEC refused, and the KCAB refused to stay the proceedings. Id. at ¶5. The plaintiff provided the court with a draft of the KCAB procedural order; as of October 9, 2018 (the date the plaintiff docketed the draft), the draft order contemplated that the plaintiff would have to file pleadings in the KCAB proceeding by January 4, 2019. Dkt. No. 25-1 at 1. Apparently the parties were to finalize the procedural order by October 15, 2018. Dkt. No. 25 at ¶6. (The only version of the procedural order the court has seen is the draft at Dkt. No. 25-1, so it does not know whether the parties completed a final order, or if any final order contained the same schedule as the proposed order.)

The court will deny the Rule 7(h) motion. By separate order, the court will schedule a hearing on the parties' substantive motions; it plans to hold the hearing in November. That should be soon enough for the parties to have the court's ruling in advance of the date that the plaintiff would have to file anything before the KCAB—at least, under the schedule in the draft procedural order. If the court is wrong, and there is some requirement that the plaintiff file something with the KCAB before the November date the court will provide, the plaintiff can renew its motion.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's Civil L.R. 7(h) Expedited Non-Dispositive Motion to Stay Arbitration Proceedings Pending the Court's Disposition of the Parties' Competing Motions. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 18th day of October, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**